UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHANNON MCCALLON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 05-0597, C/W 05-0700** |
| **BP AMERICA PRODUCTION CO., ET AL** | * | **SECTION "L"(2)** |

### ORDER AND REASONS

Pending before the Court is Plaintiff Shannon McCallon's Appeal of the Magistrate Judge's Partial Denial of Plaintiff's Motion for Extension of Deadline of Expert Reports (Rec. Doc. No. 48). For the following reasons, the Court DENIES the Plaintiff's Appeal.

On October 3, 2006, the Magistrate Judge issued an order partially denying Plaintiff's Motion for Extension of the Deadline for Expert Reports (Rec. Doc. No. 36). Specifically, the Magistrate Judge extended the deadline for delivery of expert reports for the limited purpose of providing the Defendants with a report of a function capacity evaluation performed by Dr. Kinnard. However, the Magistrate Judge denied the Plaintiff an extension of the expert report deadline in order for the Plaintiff to submit an expert report from Dr. John Cobb, as the Plaintiff had not demonstrated good cause to warrant a change in the scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The Magistrate Judge found that though the delay in obtaining treatment by Dr. Cobb, an orthopedic surgeon, was attributable to the requirement that Plaintiff seek pre-approval of physician treatment from his longshore compensation carrier, the extensive medical record demonstrated that the Plaintiff's medical condition was fully evaluated by the Plaintiff's former doctor and two other physicians.

In his appeal, the Plaintiff states that the Magistrate Judge erred in not allowing the

Plaintiff to submit a report from his new treating physician pursuant to an extension of the expert report deadline past September 25, 2006.  The Plaintiff states that it was not until August 7, 2006, during the deposition of his orthopedic surgeon, Dr. Bernauer, that Plaintiff learned Dr. Bernauer's medical license was restricted so that he was unable to perform surgery.  Dr. Bernauer would not elaborate further on these restrictions, stating the reasons were personal in nature.  Upon learning this information, Plaintiff sought to change treating physicians, but his attempts have been delayed due to a denial of the change by his longshore compensation carrier.[1]  Plaintiff states that he has demonstrated good cause to extend the deadline because the restrictions on Dr. Bernauer's license could very well affect his treatment and diagnosis of the Plaintiff's injuries and the Plaintiff no longer has confidence in this doctor's opinion.  He thus disputes any claim that he is changing physicians in order to procure a different medical opinion.  He contends that the need for a deadline extension does not stem from his own neglect and a denial of an extension to submit a report from Dr. Cobb is akin to punishing the Plaintiff for the acts of Dr. Bernauer.  Lastly, Plaintiff is also concerned that the Defendants will seek to attack Dr. Bernauer's credibility at trial.

  Conversely, the Defendants contend that Plaintiff's request amounts to nothing more than doctor shopping.  The injection of yet another medical expert into the matter is cumulative, inefficient and irrelevant to the disputed issues as the accident occurred over two years ago and the Plaintiff's condition and alleged injuries have been exhaustively evaluated, tested and considered by three different doctors in the past two years.  All three of these doctors determined

---

[1] Plaintiff states that upon the longshore compensation carrier's denial of a change in physicians, he filed a disputed claim form with the Department of Labor.  An informal conference on this matter was scheduled for October 26, 2006. The Plaintiff' initial visit with Dr. Cobb took place on September 27, 2006.

that surgery was not necessary as the Plaintiff's injury was limited to a sprain of the cervical spine.  Contrary to the opinions of these three other medical experts, Dr. Cobb now says surgery is necessary due to a chronic disc condition.  The Defendants further state that though Dr. Bernauer may not perform surgery, he may still provide surgical assistance; his current restrictions have nothing to do with his qualifications to opine on the need for surgery; and evidence indicates that the restrictions were not in place for most of the time Dr. Bernauer was treating the Plaintiff.  According to the Defendants, extension of the deadline will trigger yet another round of medical evaluations and related discovery when the issue has already been exhaustively evaluated.

A district court may review a magistrate judge's order and modify or set aside a portion of the order under Rule 72(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 72(a). The district court may only find the magistrate judge's ruling clearly erroneous or contrary to law when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989); *see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).  Thus, a magistrate judge is afforded broad discretion in resolution of nondispositive pretrial matters.

Accordingly, the Court will not disturb the Magistrate Judge's decision that the Plaintiff has not demonstrated good cause for an extension of the expert report deadline.  The Magistrate Judge had broad discretion to make the determination that good cause was not shown as the Plaintiff had received a complete medical evaluation by three physicians and any extension would cause further rounds of delay in the litigation process.  This decision was not clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).

Further, it is worth pointing out that the Court's decision does not keep the Plaintiff from

being treated by a physician of his choice.  It means only that a determination has been made that the three physician's expert reports are deemed sufficient to constitute a complete evaluation, so that the need for an additional expert report does not constitute good cause.  Though Plaintiff says he has lost confidence in Dr. Bernauer's medical evaluation, the Plaintiff has two other reports from other physicians who performed evaluations of him.

For the foregoing reasons, the Plaintiff's Appeal is DENIED.

New Orleans, Louisiana, this 7th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE